IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CV-346-GCM

| | | |
|---|---|---|
| TIMOTHY GRIFFIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| U-HAUL INTERNATIONAL, INC., | ) | |
|     Defendant. | ) | |
| | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss (Doc. No. 6) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant's Memorandum in Support (Doc. No. 7), Plaintiff's Response in Opposition (Doc. No. 10), and Defendant's Reply (Doc. No. 11). This matter is now ripe for disposition.

## I.     FACTUAL BACKGROUND

On June 5, 2013, Plaintiff Timothy Griffin brought this action to vacate an award made in arbitration following an ill-fated attempt to rent a U-Haul in Charlotte, North Carolina. The events at issue transpired on February 13, 2011, when Plaintiff visited a U-Haul location at South Boulevard in Charlotte and was denied access to a rental vehicle, apparently due to a dispute over his identity. (Pl. Compl. at 2, Doc. No. 1). Plaintiff then visited a second U-Haul location at Tryon Street in Charlotte and encountered yet more difficulty, but was ultimately able to rent a vehicle. (*Id.*) While at the second location, Plaintiff was told that he was in U-Haul's computer system as someone who "is not who he says he is" with instructions "not to rent to this customer." (*Id.*) Dissatisfied with the encounter, Plaintiff filed a complaint with the Better Business Bureau and engaged in discussions with "the president of U-Haul." (*Id.*) He eventually

filed an arbitration demand with the American Arbitration Association on September 28, 2012, asserting damages in the amount of $50,000. (Pl. Compl., Ex. C).

The arbitration occurred on February 27, 2013, with Plaintiff claiming defamation, false advertising, and unfair and deceptive trade practices. (Pl. Compl., Ex. A). The arbitrator found in favor of U-Haul, awarding it $166.82—a reflection of the refund that U-Haul claimed it previously gave to Plaintiff as settlement. (*Id.*) Plaintiff subsequently filed this Complaint, alleging that "the arbitrator whom decided the case was evidently partial and so imperfectly executed his powers that a mutual, final and definite award . . . was not made." (Pl. Compl. at 1). Accordingly, Plaintiff asks this Court to "enter an order vacating the decision and remanding the award made" in the case. (*Id.*)

## II. LEGAL STANDARD

"Federal courts are courts of limited subject matter jurisdiction," and there is no presumption that a court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). "The existence of subject matter jurisdiction is a threshold issue," and must be determined before reaching the merits of a case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). If at any time, the court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The burden is on the plaintiff to allege facts in the complaint sufficient to demonstrate that the court has jurisdiction. *Pinkley*, 191 F.3d at 399 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

A party bringing a motion to dismiss pursuant to Rule 12(b)(1) may challenge a complaint on its face by contending that it fails to allege sufficient facts upon which to base subject matter jurisdiction, or it may challenge the truth of those underlying facts. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). If the complaint is challenged on its face, the facts

2

alleged in the complaint are assumed to be true and the plaintiff is afforded the same protection that he would receive in a Rule 12(b)(6) motion. *Id.* If the movant challenges the accuracy of the facts alleged, the court may go beyond the allegations of the complaint to determine if there are facts to support the jurisdictional allegations, without converting the determination into one for summary judgment. *Id.*

### III. DISCUSSION

There are two means by which to establish subject matter jurisdiction: 1) there must be a "federal question" presented by the claim (also called "arising under" jurisdiction); or 2) the parties must be citizens of different states and the amount in controversy must exceed $75,000 (also called "diversity" jurisdiction). 28 U.S.C. §§ 1331-1332. Plaintiff appears to assert, and Defendant challenges, the jurisdictional basis of this action on both grounds. The Court will address them in turn.

**A. Federal Question**

Pursuant to 28 U.S.C. § 1331, federal district courts are given "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In determining if it has jurisdiction pursuant to this statute, a district court must look to the complaint "to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946). The plaintiff must plead a "colorable" claim, meaning that it must not be "immaterial and made solely for the purpose of obtaining jurisdiction," or "wholly insubstantial and frivolous." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 & n.10 (2006) (quoting *Bell*, 327 U.S. at 682-83).

The Plaintiff asserts broadly that his claim should be heard pursuant to the Federal Arbitration Act, which "is under federal jurisdiction." (Pl. Compl. at 1-2, Doc. No. 1). However,

the Supreme Court has held on at least two separate occasions that the Federal Arbitration Act "does nothing" to establish federal jurisdiction over arbitration disputes. *Hall Street Assocs., L.L.C. v. Mattel*, 552 U.S. 576, 581-82 (2008); *see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). The Act "bestow[s] no federal jurisdiction but rather requir[es] an independent jurisdictional basis." *Hall Street Assocs.*, 552 U.S. at 582; *see also Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 175 (4th Cir. 2007) ("If federal jurisdiction is proper in this case, it must be under the diversity of citizenship statute . . . as no federal question exists and the Federal Arbitration Act does not itself create federal-question jurisdiction."). Thus, if there is a federal question presented by this case, it must come from the underlying dispute.

Seemingly in support of this proposition, Plaintiff alleges that U-Haul engaged in "unfair methods of competition . . . and unfair or deceptive acts or practices" in violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1). (Pl. Compl. at 3). However, "[i]t is well established that the FTC Act does not create a private cause of action for enforcement of the FTC Act." *Wimbley v. Select Portfolio Servicing, Inc.*, No. 1:08-CV-939, 2009 WL 2045922, at *3 (M.D.N.C. July 9, 2009); *see also King v. Wilmington Transit Co.*, 976 F. Supp. 356, 358 (E.D.N.C. 1997) ("Although the Fourth Circuit has not addressed this issue, the other courts that do so are unanimous in holding that Congress did not intend to create a private cause of action by enacting the FTCA.") (citing *Am. Airlines v. Christensen*, 967 F.2d 410 (10th Cir. 1992); *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981); *Fulton v. Hecht*, 580 F.2d 1243 (5th Cir. 1978), *cert. denied*, 440 U.S. 981 (1979); *Fogel v. Metropolitan Life Ins. Co.*, 871 F. Supp. 571 (E.D.N.Y. 1994)). Rather, the FTCA "rests initial remedial power solely in the Federal

4

Trade Commission," *Dreisbach*, 658 F.2d at 730, and not private litigants. Thus, Plaintiff may not rely on 15 U.S.C. § 45(a)(1) as a means of establishing federal question jurisdiction.

The crux of Plaintiff's claims seems to be based on state law. Throughout the Complaint, Plaintiff alleges violations of N.C. Gen. Stat. § 75-1.1(a), as well as various provisions of North Carolina's adoption of the Uniform Commercial Code. None of these claims presents a federal question. Further, Defendant asserts that the earlier arbitration proceedings were based entirely on state law and that the arbitrator relied entirely upon state law in his award. (*See* Def. Mot. to Dismiss at 9, Doc. No. 7; *see also* Pl. Compl., Ex. A). As such, Plaintiff has failed to adequately plead a colorable federal claim and there is no federal question presented in this case.

**B. Diversity**

Because no federal question exists in this action, jurisdiction in this case must be based on diversity of citizenship. Under 28 U.S.C. § 1332, federal district courts are granted "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." When determining the amount in controversy at issue in an application to vacate an award of arbitration, courts have taken different approaches. *See Choice Hotels Int'l, Inc. v. Shiv Hospitality, LLC*, 491 F.3d 171, 175 (4th Cir. 2007) (exploring the diversity of approaches). Some courts have held that the amount in controversy is equal to the amount of the award itself, *see Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1472 (11th Cir. 1997), while others have held that the amount in controversy is equal to the amount originally sought in arbitration, *see Am. Guar. Co. v. Caldwell*, 72 F.2d 209, 211 (9th Cir. 1934). When the application seeks to vacate the award and reopen the arbitration, as is the case here, most courts base the amount in controversy on the "matter at stake in the arbitration," such that "the amount in controversy in

such situations is the amount awarded in arbitration *in addition to* the amount that would be at play if arbitration was reopened." *Choice Hotels*, 491 F.3d at 175 (quoting *Sirotsky v. N.Y. Stock Exch.*, 347 F.3d 985, 989 (7th Cir. 2003)). The Fourth Circuit has not explicitly adopted an approach on this issue, but has noted a preference for deciding the amount in controversy "from the complaint itself, unless it appears . . . that the amount stated in the complaint is not claimed in 'good faith.'" *Id.* at 175-76 (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)).

At no point in Plaintiff's Complaint does he assert that the amount in controversy in this action exceeds $75,000. Indeed, he does not address the issue. His only statement regarding jurisdiction is that "the Federal Arbitration Act is under federal jurisdiction, and Claimant is a resident of North Carolina and U-Haul International Incorporated is headquartered in Arizona." (Pl. Compl. at 1-2, Doc. No. 1). Documents attached to Plaintiff's Complaint indicate that the amount sought in arbitration was initially $50,000, (*see* Pl. Compl., Ex. C), then later $50,000 "as well as punitive damages," (*see* Pl. Compl., Ex. A). But Plaintiff never discusses or attempts to provide a basis for this valuation, in his Complaint or anywhere else, and leaves the Court guessing as to the reasoning behind his computation of damages. The actual arbitration award appears to have been only $166.82, to be paid by Plaintiff. (*See id.*) Thus, Plaintiff has failed to meet his burden of demonstrating the amount in controversy requirement of diversity jurisdiction.

It also appears that Plaintiff engaged in arbitration with a different entity than the Defendant in this action. The named Defendant in this case is U-Haul International, Inc., ("UHI") which claims that it does not conduct business in North Carolina and that it has not conducted any business with the Plaintiff. (Aff. of Michelle Walters ¶ 4, Doc. No. 8). More

6

importantly—because Plaintiff is requesting that this Court vacate an arbitration award—it appears that UHI was not involved in arbitration with Plaintiff. Defendant asserts, and documents attached to Plaintiff's Complaint suggest, that the other party in arbitration was U-Haul Co. of North Carolina. (*Id.* ¶¶ 7-8). In his response, Plaintiff contests this issue by alleging that much of his negotiations took place with an Assistant General Counsel of UHI and that the arbitrator's award actually lists UHI as the recipient. (Pl. Resp. at 2, Doc. No. 10). UHI responds by noting that it does provide some centralized services to its subsidiaries, including legal services, upon request, (Walters Aff. ¶ 5), and denies that UHI is mentioned anywhere in the arbitrator's award. (Def. Reply at 2, Doc. No. 11).

Indeed, the arbitrator's award appears only to mention "U-Haul," without a more specific designation, (Pl. Compl., Ex. A), but correspondence sent to Plaintiff and the American Arbitration Association at the outset of arbitration clearly notes that U-Haul of North Carolina originally contracted with Plaintiff and would be the other party in arbitration going forward. (*See* Pl. Compl., Ex. C; *see also* Walters Aff. ¶ 8). After that time, all of the filings in the arbitration clearly list U-Haul of North Carolina as the respondent. (*See* Pl. Compl., Exs. D, E, F, G). Even Plaintiff's own filings list U-Haul of North Carolina as the other party in arbitration. (*See* Pl. Compl., Ex. F). Defendant asserts that Plaintiff never disputed that U-Haul was the proper party in arbitration. (Walters Aff. ¶ 9).

This is problematic for a couple of reasons. First, the Court cannot very well enter an order vacating an arbitration award when the Defendant was not the other party in arbitration. On the other hand, were the Plaintiff permitted to correct this error, the defendant would be U-Haul of North Carolina, a North Carolina corporation with its principal place of business in North Carolina. Because Plaintiff is also a citizen of North Carolina, the requirements of diversity

jurisdiction would not be met and this Court would lack subject matter jurisdiction to hear the case. For these reasons, the Court finds that the Plaintiff has failed to adequately demonstrate either of the requirements of diversity jurisdiction. The Court lacks subject matter jurisdiction to consider this case and, as a result, does not reach the merits.

### IV.　　ORDER

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) is hereby GRANTED.

**SO ORDERED.**

Signed: November 4, 2013

Graham C. Mullen
United States District Judge